UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MEYER, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.:  21-cv-341-RSH-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DEFENDANT DR. SHALON NIENOW AND ELIZABETH REESE TO PROVIDE FURTHER RESPONSES TO DISCOVERY**<br><br>**[ECF No. 153]** |

Currently before the Court is Plaintiffs William Meyer and Dana Gascay's November 10, 2023 Motion to Compel Defendant Shalon Nienow and Elizabeth Reese to Provide Further Responses to Discovery ("Motion") [ECF No. 153], Defendant Dr. Shalon Nienow and Defendant Elizabeth Reese's ("Defendants") November 17, 2023 Joint Opposition ("Oppo.") [ECF No. 158], and Plaintiffs' Reply in Support of Motion ("Reply"). ECF No. 164. After reviewing Plaintiffs' Motion and Reply, Defendants' Oppo., and all supporting documents, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' Motion for the reasons set forth below.

## RELEVANT PROCEDURAL BACKGROUND

On December 27, 2021, Plaintiffs filed their second amended complaint ("SAC") in this action alleging, *inter alia*, that Defendants violated their civil rights by allegedly impermissibly conducting video surveillance of Plaintiffs and their pseudonymously named minor child ("M.M.")

while she was receiving medical treatment. ECF No. 61 at ¶¶ 94-104. On May 1, 2023, both Defendants answered Plaintiffs' SAC. ECF Nos. 103, 105. On June 7, 2023, Defendant Reese amended her answer [ECF No. 114], and on June 12, 2023, Defendant Nienow amended her answer. ECF No. 115.

On June 27, 2023, the Court conducted a Case Management Conference [ECF No. 119] and, on June 29, 2023, issued a scheduling order regulating discovery and pretrial proceedings. ECF No. 120. On October 25, 2023, counsel for Plaintiffs, Steve Daner, contacted the Court regarding a discovery dispute between Plaintiffs and Defendant Nienow, and Plaintiffs and Defendant Reese. See ECF No. 146 at 1. On November 2, 2023, the Plaintiffs' and Defendants' attorneys participated in a conference call with Magistrate Judge Barbara Major's Law Clerk regarding the dispute pursuant to Judge Major's Civil Chamber Rules. Id. During the call, the attorneys informed the Court that Plaintiffs and Defendants reached an impasse in their meet and confer efforts so, on November 3, 2023, the Court issued a briefing schedule wherein Plaintiffs were required to file any motion to compel on or before November 10, 2023, Defendants may have filed any opposition on or before November 17, 2023, and Plaintiffs may have filed a reply in support on or before November 29, 2023. Id. The instant Motion ensued. ECF No. 153.

## RELEVANT FACT & DISCOVERY BACKGROUND

Plaintiffs are the parents of M.M., who is not a party to this lawsuit. See SAC. M.M. required ongoing medical care as a teenager. SAC at ¶¶ 48-70. In December 2018, Defendant County of San Diego received a report of child abuse or neglect involving M.M. Id. at ¶ 71. In January 2019, M.M. was admitted to Rady Children's Hospital – San Diego ("Rady") to undergo treatment. Id. at ¶ 90. Defendant Nienow is a child abuse expert employed by Rady and Defendant Reese is a member of Rady's Child Protection Team. Id. at ¶¶ 16, 18. Plaintiffs allege that beginning on January 29, 2019, Defendants "surreptitiously" conducted video surveillance of Plaintiffs and M.M. for 38 days. SAC at 99. Plaintiffs allege that on January 31, 2019 Defendant Nienow and Defendant Reese conspired to falsely report that Plaintiffs were engaging in medical child abuse against M.M. Id. at ¶ 105. On March 7, 2019, Defendant County of San Diego's social

21-cv-341-RSH-BLM

workers placed M.M. in temporary protective custody resulting in an eleven-month long contested dependency trial in juvenile court. Id. at ¶¶ 142, 125; see also Oppo. at 7.

In April 2021, all parties to this action filed a California Welfare and Institutions Code § 827 Petition with the juvenile court seeking disclosure of M.M.'s juvenile case file which that court granted on May 20, 2021. Oppo. at 7. On May 31, 2023, Defendant County of San Diego petitioned the juvenile court for M.M.'s juvenile case file for the period of May 2021 to the present, which Defendant Nienow and Defendant Reese joined. Id. at 8. The petition is currently pending. Id. Plaintiffs did not join the petition. Id.

On July 24, 2023, Plaintiffs served Defendant Nienow with Requests for Production for Documents, set one, ("RFP") and Interrogatories, set one. Id.; Motion at 7; Declaration of Stephen D. Daner In Support of Plaintiffs' Motion to Compel ("Daner Decl.") at ¶ 9. On August 28, 2023, Defendant Nienow provided responses to Plaintiffs' RFPs, set one. Daner Decl. at ¶ 10. On October 13, 2023, Defendant Nienow provided supplemental responses to Plaintiffs' RFPs, set one, and supplemental responses to Plaintiffs' Interrogatories, set one. Id. at ¶ 16, Exhs. G, H.

On July 25, 2023, Plaintiffs served Defendant Reese with RFPs, set one. Id.; Motion at 1; Daner Decl. at ¶ 1. On August 24, 2023, Defendant Reese served her responses to Plaintiffs' RFPs, set one, and on August 31, 2023, provided her privilege log for the RFP responses. Daner Decl. at ¶ 2. On October 10, 2023, Defendant Reese provided supplemental responses to Plaintiffs' RFPs, set one, and provided an amended privilege log. Id. at ¶ 6, Exhs. B, C. Counselors for Plaintiffs and Defendants engaged in lengthy written and in-person meet and confer efforts but ultimately were unable to informally resolve their disputes. Id. at ¶¶ 3-4, 7-8, 11-12, 14-15, Exhs. A, D, E, F.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

> resources, the importance of discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)"). Limits should be imposed where the burden or expense of the proposed discovery outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C).

Any party, on notice to all other parties and all affected persons, may apply for an order compelling discovery or disclosure. Fed. R. Civ. P. § 37(a)(1). Federal Rule of Civil Procedure Rule 37 provides for an entry of an order compelling discovery where a party has failed to respond to an interrogatory or request for production on the following grounds:

> A party seeking discovery may move for an order compelling an answer [or] production […] if (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted or fails to permit inspection as requested under Rule 34.

Fed. R. Civ. P. § 37(a)(3)(B)(iii)-(iv).

## **PLAINTIFFS' POSITION**

Plaintiffs argue that the RFPs and Interrogatories are relevant and proportional to the needs of the case as Plaintiffs' claims allege that Defendants engaged in deception in the presentation of evidence and invaded the privacy of Plaintiffs through covert video surveillance. The Plaintiffs contend that the documents and information withheld by Defendants pursuant to Cal. Welf. & Inst. Code § 827 in response to the discovery requests at issue in this dispute may be disseminated by an order from this Court. Motion at 21. Plaintiffs argue that this Court may order production of juvenile case files and redacted information as state restrictions on discovery

and access to relevant information do not apply in federal civil rights actions. Motion at 10; Reply at 6. Plaintiff cites Gonzalez v. Spencer, 336 F.3d 832, 835 (9th Cir. 2003) for the proposition that a federal court may order disclosure of a juvenile case file notwithstanding Cal. Welf. & Inst. Code § 827. Id. at 11; Reply at 7. Further, Plaintiff contends that the Court may order disclosure of the juvenile case file as the needs of this case outweigh the interest in keeping the juvenile case file information confidential. Motion at 11. Plaintiffs argue that there is no encroachment on M.M.'s rights as she did not object to the release of the juvenile case files, Plaintiffs have a right to inspect and receive copies of the juvenile case files, the records are not available from other sources, the current protective order is sufficient to protect the privacy interests at stake, the public has a special interest in civil rights litigation, and the juvenile case files at issue are relevant to this litigation. Id. at 12-14; Reply at 8-11.

Plaintiffs also argue that Defendant Reese's objections that the RFPs are not relevant, vague, overbroad, and protected by the attorney-client privilege and work-product doctrine are unexplained and unsupported. Id. at 15; Reply at 11-17. Similarly, Plaintiff contends that Defendant Nienow's objections that the RFPs and Interrogatories are vague and protected by the attorney-client privilege and work-product doctrine are without merit. Id. at 15. Further, Plaintiffs argue that Defendant Nienow's response that certain documents are not within her possession, custody, or control is not supported by law. Id. at 19; Reply at 17-19. Finally, Plaintiffs assert that Defendant Nienow improperly directed Plaintiffs to thousands of pages of documents which is improper. Id. at 20; Reply at 19.

## DEFENDANTS' POSITION

Defendants argue that only a juvenile court can order dissemination of juvenile case records through a petition filed in the juvenile court as "state law mandates a specific procedure for the review and release of information regarding current and former juvenile dependents." Oppo. at 9. Defendants assert that the state interest in keeping the juvenile information confidential outweighs any need by Plaintiffs for the materials sought and the juvenile court is in the best position to determine whether the juvenile case records should be released. Id. at 10. Defendants also argue that the discovery requests significantly implicate M.M.'s privacy

rights and that Plaintiffs have not followed the proper procedure to obtain the records with the juvenile court. Defendants contend that Plaintiffs are not able to obtain the records from the juvenile court as they are not "listed as a person designated to inspect or copy a juvenile case file pursuant to section 827." Id. at 13.

Defendant Reese argues that she has fully complied with her discovery obligations in her responses as she identifies specific responsive documents that were already produced to Plaintiffs, and she produced an amended privilege log that identifies what documents she withheld and why. Id. at 14. She also contends that responsive documents withheld and identified in the amended privilege log are either protected by the attorney-client privilege or attorney work-product privilege. Id. Further, she argues that Plaintiffs' requests are overbroad as they are not sufficiently specific such that she can identify what documents would be responsive. Id. at 15.

Defendant Nienow argues that her objections to Plaintiffs' discovery requests were proper as her attorney-client and work-product objections were asserted in anticipation that she will receive privileged documents through the discovery process. Id. at 17. She also asserts that she is not presently withholding any documents based upon attorney-client or work-product privilege. Id. at 17-18. Further, Defendant Nienow claims she is not an agent nor employee of Rady, so she has not responsive documents in her possession, custody, or control responsive to Plaintiffs' requests at issue in this dispute. Id. at 19.

### A. Cal. Welf. & Inst. Code § 827

The first issue the Court must consider is the applicability of Cal. Welf. & Inst. Code § 827 ("section 827") as both Defendants object to the discovery at issue pursuant to section 827.[1] Section 827 precludes dissemination of documents and information contained in a juvenile case file unless the documents or information are requested under one of the enumerated exceptions. Cal. Welf. & Inst. Code § 827. In Defendant Reese's amended privilege log provided to Plaintiffs,

---

[1] The Court notes that there is another discovery dispute in this case regarding section 827. See ECF No. 168.

she identifies four documents that were withheld on the basis of section 827. Daner Decl. at ¶ 6, Exh. C. Plaintiff seeks to compel production of these four documents. Motion at 7, 10-14; Reply at 6-7. Both parties agree that the information contained in the juvenile case file sought in these discovery requests is relevant. Oppo. at 8; Reply at 9.

Plaintiffs argue that this Court has the authority to order dissemination of M.M.'s juvenile case file as it is not bound by state law. Motion at 11; Reply at 7. Plaintiffs indicate that M.M. does not object to the release of the juvenile case files so there cannot be any encroachment on her privacy rights. Motion at 12. Plaintiffs assert they cannot access this information from another source, the protective order in this case is adequate to prevent disclosure of the juvenile case file, and that the public interest in civil rights litigation favors this Court granting Plaintiffs' Motion. Id. at 12-14, Reply at 9-11.

Defendants argue that Plaintiffs were required to petition the juvenile court for dissemination of the juvenile case file prior to seeking an order for dissemination from this Court. Oppo. at 9-11. Defendants cite Reyes v. County of Los Angeles, 2020 WL 13588232, at *3-4 (C.D. Cal. Aug. 24, 2020) to support this position. The court in Reyes ordered the plaintiff to petition the juvenile court to release her juvenile file so it could be produced in response to the defendant's discovery requests; however, the court did not find that the plaintiff was required to go to the juvenile court prior to seeking an order from the district court for dissemination of the juvenile case file. Id. Further, the Reyes court simply ordered the plaintiff to petition the juvenile court for the juvenile case file as the plaintiff had not complied with her obligations under Fed. R. Civ. Proc. 34 to respond to requests for production if the information sought was within her possession, custody, or control, which the juvenile case file was. Id. at 3. The facts in this case are different as the Defendants possess the records sought by Plaintiffs. Oppo. at 8.

As an initial matter, the Court agrees with Plaintiffs that it is not bound by state law and has the authority to order disclosure of information from the juvenile case files. The Ninth Circuit has acknowledged that a district court has the authority to order disclosure of materials in juvenile court files notwithstanding state law. See Gonzales v. Spencer, 336 F.3d 832, 834-835 (9th Cir. 2003) (recognizing that state law required defendant to petition the juvenile court, but

"the district court could have ordered disclosure notwithstanding state law"); see also D.C. v. County of San Diego, 2016 WL 11621269, at *12 (S.D. Cal. Oct. 7, 2016) (the court found it was not bound by state law and had the authority to order disclosure of juvenile case files); Horn v. Hornbeak, 2010 WL 1027508, at *5 (E.D. Cal. Mar. 18, 2010) (discussing and citing cases regarding district court's authority to require disclosure of information from juvenile court cases). Nonetheless, comity requires that section 827 "be respected if at all possible" and courts should weigh "the needs of this case" against "the state interest in keeping the juvenile information confidential." Maldonado v. Sec'y of Cal. Dept. of Corr. and Rehab., 2007 WL 4249811, *5 (E.D. Cal. Nov. 30, 2007) (granting motion to compel in 1983 action); Horn, 2010 WL 1027508, at *5 (E.D. Cal. Mar. 18, 2010).

Courts within the Ninth Circuit have found that an essential condition for dissemination of a juvenile case file in federal question cases is that the information sought must be "extremely relevant to the issues in the case." Maldonado, 2007 WL 4249811, at *5. A court should consider the following factors in determining the scope of protection to be accorded in the privacy context:

> (1) the probable encroachment of the individual's privacy right if the contested action is allowed to proceed, and the magnitude of that encroachment; (2) whether the encroachment of the privacy right would impact an area that has traditionally been off limits for most regulation [i.e., an area where privacy concerns have traditionally been respected]; (3) whether the desired information is available from other sources with less encroachment of the privacy right; (4) the extent to which the exercise of the individual's privacy rights impinge on the rights of others; and (5) whether the interests of society at large encourage a need for the proposed encroachment.

Jane Doe No. 59 v. Santa Rosa City Sch., 2017 WL 11837754, at *2 (N.D. Cal. Mar. 1, 2017) (citing Maldonado, 2007 WL 4249811, at *5).

Here, for the purposes of the discovery requests discussed below, the Court finds that Plaintiffs' need for the information sought in these discovery requests outweighs M.M.'s privacy interest and the state's interest in keeping this material confidential. First, both parties agree that the information contained in the juvenile records is relevant to this action. Second, the Court finds the probable encroachment on M.M.'s privacy is low as M.M. provided a declaration attached to Plaintiffs' Motion wherein she indicates she has no objection to the dissemination of

her juvenile case file. Daner Decl. at ¶ 19, Exh. L. Third, courts in the Ninth Circuit have ordered the dissemination of juvenile case files in civil rights actions. See e.g. Maldonado, 2007 WL 4249811, at *7; D.C., 2016 WL 11621269, at *12; Doe No. 59, 2017 WL 11837754, at *2. Fourth, while Plaintiffs state that they would be able to obtain the juvenile case file from the juvenile court [Motion at 12; Reply at 10], Plaintiffs did not attempt to obtain the files from the juvenile court and do not provide sufficient facts for this Court to determine whether Plaintiffs would in fact be able to obtain the file. The degree of encroachment is unaffected by the method of disclosure. Fifth, there is no impingement on the rights of others and the probable encroachment on M.M. is further minimized by the protective order filed in this case. See ECF No. 124. Finally, society's interest is strong as people have a right to be protected from impingement of their civil rights, and the ability to vindicate those rights through the litigation process.

Accordingly, the Court finds that in light of the significant undisputed relevance of the information sought, the existing protective order, and the lack of objection by M.M., section 827 does not prevent disclosure of the four documents identified in Defendant Nienow's amended privilege log. See Daner Decl. at ¶ 6, Exh. C. The Court is not ordering that the entire juvenile case file be unsealed or disseminated; rather, it is only finding that section 827 does not prohibit the production of responsive documents and information at issue in this discovery dispute. Defendant Nienow is ordered to produce the withheld documents pursuant to the protective order.

### B. Interrogatory

Rule 33 provides that a party may serve on any other party interrogatories that relate to any matter within the scope of discovery defined in Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

#### 1. Interrogatory to Defendant Nienow

> **Interrogatory No. 1:** Identify, by name, address, email address, and telephone number, all individuals that participated in any way, in the decision to conduct COVERT VIDEO SURVEILLANCE of M.M.
>
> **Response to Interrogatory No. 1:** Objection. This interrogatory is vague and ambiguous as "participated." This interrogatory seeks confidential information maintained in juvenile case files, which may only be obtained or inspected pursuant to court order, in accordance with sections 827 and 828 of the California Welfare and Institutions Code. As phrased, this interrogatory may seek information protected from disclosure by the attorney-client privilege and attorney work-product privilege doctrine. Subject to, and without waiving said objections, this Responding Party responds as follows: Upon information and belief, the following individuals were involved in the decision to conduct surveillance of M.M.:
>
> 1. Shalon Nienow, M.D. (Dr. Nienow may be contacted through her counsel of record)
>
> 2. Gail Knight, M.D. (Dr. Knight may be contacted through Rady Children's Hospital)
>
> 3. Laurie Bernard-Stover, M.D. (Dr. Bernard-Stover may be contacted through the Regents of the University of California)
>
> Dr. Nienow further refers Plaintiff to M.M.'s medical records from Rady Children's Hospital which upon information and belief, Plaintiff obtained during the course of the underlying dependency matter.

Motion at 9-10; Daner Decl. at ¶ 16, Exh. H at 3-4.

Plaintiffs argue that Defendant Nienow's attorney-client privilege and attorney work-product doctrine objections are improper as a responding party to discovery may not "make the privilege assertion 'just in case.'" Motion at 16 (citing Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of U.S. of America v. Leonard, 2009 WL 1118896, at *4 (E.D. Cal. April 23, 2009)). Similarly, Plaintiffs assert that as Defendant Nienow did not provide a privilege log, any assertion of privilege is waived. Motion at 17. Plaintiffs argue that Defendant Nienow's assertion that the term "participated" is vague and ambiguous is without merit as she did not support this objection by showing why the term was vague and ambiguous. Id. at 18-19.

Defendant Nienow argues that she has provided proper responses and objections to this request as the term "participated" is so ambiguous "as to preclude an intelligent reply" even when clarified through the meet and confer process because it is unclear whether it refers to all individuals who were present when surveillance was discussed, or whether it refers to individuals who approved the decision to conduct surveillance. Oppo. at 18. Defendant Nienow further argues that she provided an adequate response as she identified the individuals she believes

participated in the decision to conduct the surveillance. Id. Defendant Nienow contends that she referred Plaintiffs to M.M.'s medical records obtained by Rady as she cannot obtain the records herself because she is not employed by either Rady or the Regents of the University of California so she does not have access to M.M.'s records. Id. at 19.

Here, the Court finds that Interrogatory No. 1 is relevant to this case as it seeks the identities of individuals who will likely be percipient witnesses, and it is proportional to the needs of the case. For the reasons set forth above, Defendant Nienow's section 827 objection is overruled as Plaintiffs' need for the information outweighs M.M.'s and the state's interest in keeping the juvenile case file materials confidential. Defendant Nienow states that "she is not presently withholding any documents under the attorney-client privilege or the work-product doctrine" so the Court finds it need not address Plaintiffs' challenge to these objections. The Court finds this interrogatory is vague and ambiguous as to "participated" and further finds Defendant Nienow properly responded to Interrogatory No. 1 by providing the names and contact information of the individuals she believed were involved in the decision to conduct the surveillance. That is all that is required by Rule 33. Mike v. City of Pheonix, 497 F.Supp.3d 442, 466 (D. Arizona 2020) (quoting Gorrell v. Sneath, 292 F.R.D 629, 632 (E.D. Cal. 2013) (a responding party has an obligation to review materials and "respond to the fullest extent possible" but is not required to "conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made").

Plaintiffs' Motion to Compel Defendant Nienow's further response to Interrogatory No. 1 is **DENIED.**

### C. Requests for Production to Defendants Reese and Nienow

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a

document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

### 1. Request for Production No. 1 & 2 to Defendant Reese

**Request for Production No. 1:** Any and all emails, phone calls, text messages, letters, and/or other communications that you sent and/or received between January 1, 2018 through February 24, 2021, where William Meyer, Dana Gascay, and/or M.M. are mentioned, discussed, talked about, and/or the subject of the DOCUMENT and/or communication.

**Request for Production No. 2:** Any and all emails, phone calls, text messages, letters, and/or communications that you sent and/or received between January 1, 2018 through February 24, 2021, where M.M.'s COVERT VIDEO SURVEILLANCE, concealed videotaping, and/or continuous video monitoring was mentioned, discussed, talked about, and/or the subject of the DOCUMENT and/or communication.

Motion at 7, Daner Decl. at ¶¶ 1, 9.

**Defendant Reese's Response to Request for Production Nos. 1 & 2:** Preliminary Objections: the requests, in their entirety, are objected to as vague, ambiguous, unintelligible, overbroad as to time and scope, invasive of the attorney-client privilege and/or work-product privileges, irrelevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responses: Objection. This request is overly broad as it is not reasonably limited in scope. This request seeks confidential information maintained in juvenile case files, which may only be obtained or inspected pursuant to court order, in accordance with sections 827 and 828 of the California Welfare and Institutions Code. Responding Party objects to the extent that this request seeks information protected by the attorney work product and/or attorney-client privilege. (See FRCP Rule 26(b)(1); Cal Evid. Code, §§ 950, et seq.)

Subject to and without waiving said objections, Responding Party responds as follows: Plaintiffs have already been provided a copy of M.M.'s medical chart from Rady Children's Hospital – San Diego, most recently produced on October 9, 2023, and all documents in the Human Services Agency of the County of San Diego, Child Welfare Services, files related to M.M. that were ordered released by the juvenile court in response to Plaintiffs' petition pursuant to California Welfare and Institutions Code section 827. Responding Party will not re-produce M.M.'s medical chart or the Agency's documents in M.M.'s juvenile case file, but identifies the following documents as response: RCHSD Medical Chart (produced on October 9, 2023) pages 9618-9625, and 9637-9648; and the Agency's records, pages 130-132, and 465.

Responding Party also conducted a reasonable and diligent search by searching Responding Party's computer, phone, email, and paper files, and has no additional non-privileged responsive documents other than what is contained in M.M.'s medical chart from Rady Children's Hospital – San Diego and/or files related to

> M.M. that were ordered released by the juvenile court in response to Plaintiffs' 827 petition. In addition, Rady Children's Hospital – San Diego IT performed a search of Responding Party's email for mentions of [(RPD No. 1) "William Meyer," "Dana Gascay," and M.M.'s name, and (RPD No. 2) video surveillance and/or video monitoring relating to M.M.] from January 1, 2018 through February 24, 2021. Responding Party did not locate any additional non-privileged responsive documents. See Responding Party's Amended Privilege Log.

Motion at 7-9; Daner Decl. at ¶ 6, Exhs B.

Plaintiffs are seeking the production of documents identified in Defendant Reese's amended privilege log that are responsive to these requests and that are within Defendant Reese's possession, custody, or control. Plaintiffs argue that Defendant Reese's "non-particularized, preliminary and boilerplate objections [] are unexplained and unsupported" as non-particularized boilerplate objections without further explanation as to why the objection is applicable waives the objection. Motion at 15. Further, Plaintiffs argue that these requests are not overbroad as they "are limited to the Plaintiffs and M.M., and confined to an approximate three (3) year period." Id. Plaintiffs also contend that Defendant Reese failed to show that the attorney-client privilege applies as she "does not identify the attorney, or show that the attorney was a participant in the communications" and the documents withheld and included in the amended privilege log "appear to relate to ordinary business filing [sic] and record keeping." Id. at 17. Similarly, Plaintiffs argue that the attorney work-product doctrine does not apply as "[t]he emails do not appear to reveal an attorney's mental processes, opinions, or evaluation" and the attorney and their participation "has not been identified." Id. at 18. Finally, Plaintiffs contend that these requests are relevant and proportional to the needs of the case as "Plaintiffs' lawsuit targets, [] the Defendants (1) engaging in deception in the presentation of evidence, and (2) invasion of privacy through covert video surveillance." Id. at 21; SAC at ¶¶ 31-37, 94-99.

Defendant Reese argues that she "fully complied with her discovery obligations" as she "provided initial and supplemental responses identifying, by page number, responsive documents already in the possession of Plaintiffs[.]" Oppo. at 14. Further, she argues that she provided an amended privilege log "which complies with F.R.C.P 26(a)(5) and identifies the nature of the communications not produced or disclosed and the basis for withholding said materials." Id. Defendant Reese asserted objections on the basis of attorney-client privilege and

the attorney work-product doctrine as "the emails being withheld are protected [] as they were sent for the purposes, or in anticipation, of this litigation, and at direction of Rady General Counsel to assist in future defense." Id. at 16; Declaration of Marilyn R. Moriarty ("Moriarty Decl."), at ¶ 7. Defendant Reese argues that Plaintiffs' requests are overbroad as they seek emails from over a year prior to M.M.'s admission into Rady Children's Hospital. Id. at 15. Lastly, Defendant Reese asserts that "Rady, Reese's employer, ran through a search through Reese's emails for any and all documents for the timeframe January 1, 2019 to February 24, 2021" and produced all non-privileged responsive documents. Id.

Defendant Reese asserts that three of the emails identified in her amended privilege log are protected by the attorney-client privilege and work-product doctrine. Oppo. at 16; see also Daner Decl. at ¶ 6, Exh. C; Moriarty Decl. at ¶ 7. The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. See Adidas America, Inc. v. TRB Acquisitions LLC, 324 F.R.D. 389, 392 (D. Oregon Nov. 22, 2017) (quoting United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011)). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for [a] party or by or for that [] party's representative." Taction Technology, Inc. v. Apple Inc., 2023 WL 4675652, at *5 (S.D. Cal. July 20, 2023) (quoting U.S. v. Richey, 632 F.3d 559, 567 (9th Cir. 2011) (internal quotation marks and citation omitted)); Fed. R. Civ. P. 26(b)(3)(A). Here, the Court finds that Defendant Reese's privilege log is adequate, the attorney-client privilege applies, and Defendant Reese properly withheld production of the three documents identified in the amended privilege log as they include "Rady General Counsel" and "Rady Legal Department" and "were sent prior to the filing of this lawsuit, in anticipation that a lawsuit would be filed, and were generated at the direction of Rady General Counsel." Moriarty Decl. at ¶ 7. The Court also finds they are protected by the work-product doctrine as they were prepared in anticipation of litigation and by Rady General Counsel. Thus, Plaintiffs' Motion is **DENIED** as to the three emails/email chains identified in the amended privilege log that were withheld under the attorney-client privilege and/or attorney work-product doctrine.

Defendant Reese withheld two responsive documents on the basis of "HIPAA, CIMA, The right to privacy under the U.S. Constitution and California Constitution as well as California privacy laws and federal privacy laws" in her amended privilege log. Daner Decl. at ¶ 6, Exh. C. The Health Insurance Portability and Accountability Act ("HIPAA") protects personal health information for 50 years after death. 45 C.F.R. § 160.103. HIPAA provides that protected health information may be disclosed "[i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(i). An existing Protective Order adequately protects these privacy concerns and any similar concerns falling under the California Confidentiality of Medical Information Act ("CIMA"). See A.H. v. Cnty. of Los Angeles, 2023 WL 3035349, at *4 (C.D. Cal. Jan. 19, 2023) ("Given the protective order in place, Court is likewise unpersuaded by Plaintiffs' assertion that HIPAA bars disclosure of these records."); Marsh v. Cnty. of San Diego, 2007 WL 3023478, at *3 (S.D. Cal. Oct. 15, 2007). The Court finds that the protective order in this case sufficiently protects the privacy concerns. See ECF No. 124.

"Federal courts recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." Carr v. Cnty. of San Diego, 2020 WL 7074881, at *4 (S.D. Cal. Dec. 3, 2020). "[P]rivacy objections can be appropriately addressed by: (1) redacting any personal identifying information from the documents produced; and (2) producing documents under a protective order to minimize any invasion into the individual's privacy rights." Stuart v. Cnty. of Riverside, 2023 WL 4826231, at *2 (C.D. Cal. June 15, 2023). Here, the Court finds that the existing protective order adequately protects the privacy interests of M.M. and any other individuals whose personal identifiable information may be disclosed. To the extent that the withheld documents contain personal identifiable information regarding non-party individuals, Defendant Reese may redact that information. See Stuart, 2023 WL 4826231, at *3-4.

As discussed above, the Court overrules Defendant Reese's section 827 objection as Plaintiffs' need for the information outweighs M.M.'s and the state's interest in keeping the juvenile case file materials confidential.

The Court finds that these requests are overbroad as they seek documents for over a year prior to M.M.'s admittance to Rady and Plaintiffs have not established the relevance of documents and information prior to M.M.'s admittance to Rady. The proper timeframe is January 29, 2019 through February 24, 2021. Nonetheless, Defendant Reese produced all non-privileged documents in her possession, custody, or control for the requested time period so there is nothing to compel aside from the documents identified in the amended privilege log. See Porter v. Gore, 2020 WL 1157196, at *5 (S.D. Cal. Mar. 10, 2020) (citing Unilin Beheer B.V. v. NSL Trading Corp., 2015 WL 12698382, at *5 (C.D. Cal. Feb. 26, 2017)) (a court cannot order a party to produce documents that do not exist). Accordingly, the Court **GRANTS** Plaintiffs' Motion as to the four (4) documents withheld under section 827, HIPAA, CIMA, and state and federal law privacy objections in the amended privilege log. Defendant Reese may redact personal identifiable information of non-parties.

## 2. Request for Production No. 1 & 2 to Defendant Nienow

**Request for Production No. 1:** Any and all emails, phone calls, text messages, letters, and/or other communications that you sent and/or received between January 1, 2018 through February 24, 2021, where William Meyer, Dana Gascay, and/or M.M. are mentioned, discussed, talked about, and/or the subject of the DOCUMENT and/or communication.

**Request for Production No. 2:** Any and all emails, phone calls, text messages, letters, and/or communications that you sent and/or received between January 1, 2018 through February 24, 2021, where M.M.'s COVERT VIDEO SURVEILLANCE, concealed videotaping, and/or continuous video monitoring was mentioned, discussed, talked about, and/or the subject of the DOCUMENT and/or communication.

Motion at 7, Daner Decl. at ¶¶ 1, 9.

**Defendant Nienow's Response to Request for Production Nos. 1 & 2:** Objection. This request seeks confidential information maintained in juvenile case files, which may only be obtained or inspected pursuant to court order, in accordance with sections 827 and 828 of the California Welfare and Institutions Code. As phrased, this request may seek information protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Subject to, and without waiving said objections, this Responding Party responds as follows:

Plaintiffs have been provided a copy of all documents related to M.M. that were ordered released by the juvenile court in response to Plaintiffs' petitions pursuant to California Welfare and Institutions Code section 827, including communications between Dr. Nienow, Defendant Paugh, Rady physicians and personnel, and the County Defendants regarding [(RPD No. 1) Plaintiffs and M.M., and (2) video

1     surveillance] during the period in question. Responding Party conducted a reasonable and diligent search and did not locate any responsive documents.

2 Motion at 9; Daner Decl. at ¶ 16, Exhs G, H.

3     Plaintiffs contend that these requests are relevant and proportional to the needs of the case as "Plaintiffs' lawsuit targets, [] the Defendants (1) engaging in deception in the presentation of evidence, and (2) invasion of privacy through covert video surveillance." Motion at 21; SAC at ¶¶ 31-37, 94-99. Plaintiff argues that Defendant Nienow's attorney-client privilege and work-product doctrine objections are improper as a responding party to discovery may not "make the privilege assertion 'just in case.'" Motion at 16 (citing Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of U.S. of America v. Leonard, 2009 WL 1118896 at *4 (E.D. Cal. April 23, 2009)); Reply at 17. Further, Plaintiffs argue that Defendant Nienow's assertion that she has no responsive documents to these requests in her possession, custody or control because she is not an employee or agent of Rady is unfounded as "Dr, Nienow is the 'division of Child Abuse Pediatrics at Rady Children's Hospital – San Diego,' and 'medical director at the Chadwick Center for Children and Families.'" Motion at 20; (quoting Daner Decl. at ¶ 18, Exh. I). Plaintiffs support this argument by identifying that Dr. Nienow's email domain, @rchsd.org, indicates she has control over her own emails. Id. Plaintiffs also contend that Defendant Nienow impermissibly directed Plaintiffs to "tens of thousands of pages of documents – many of which are unrelated and unresponsive." Id.

19     Defendant Nienow argues that she made a diligent search and did not locate any responsive documents to these requests. Oppo. at 20. In support, she states that "Dr. Nienow maintains that such records are not in her possession, custody, or control as Rady is not Dr. Nienow's employee or agent, and she does not have a legal right to demand access to the Rady's server. Id. Lastly, she contends that these requests are "duplicating as Plaintiffs have made the same request to Defendant Reese, who has access to these records as an employee of Rady." Id.

26     The responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. Proc. 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-

party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Porter, 2020 WL 1157196, at *2 (quoting Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995)). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." QC Labs v. Green Leaf Lab, LLC, 2019 WL 6797250, at *4 (C.D. Cal. July 19, 2019) (quoting United States v. McGraw-Hill Cos., 2014 WL 1647385, at *8 (C.D. Cal. April 15, 2014).

Here, the Court finds that Defendant Nienow has not properly responded to these requests. First, Defendant Nienow states that she "conducted a reasonable and diligent search and did not locate any responsive documents" but she does not explain in her opposition what emails or phone numbers she searched. Second, Defendant Nienow has not established that she does not have custody or control of her email and/or messaging accounts at Rady. See QC Labs, 2019 WL 6797250, at *5 (citing Uniden Am. Corp. v. Ericsson Inc., 181 F.R.D. 302, 306 (M.D.N.C. 1998) (control may extend to documents that are held in another corporation's care). Plaintiffs state Defendant Nienow is listed on Rady's website as the "division director of Child Abuse Pediatrics at Rady Children's Hospital – San Diego" and her email address ends with the domain "@rchsd.org." See Daner Decl. at ¶ 18, Exh. I; Defendant did not address these facts and did not submit a declaration explaining why she cannot access her own emails and messages. Third, contrary to Defendant Nienow's argument, these requests are not duplicative of the requests to Defendant Reese as these requests seek communications to and from Defendant Nienow whereas the requests to Defendant Reese seek communications to and from her.

For the reasons set forth in prior sections, the Court overrules Defendant Nienow's section 827 objections and finds that the relevant time period is January 29, 2019 through February 24, 2021. The Court partially **GRANTS** Plaintiffs' Motion and orders Defendant Nienow to access and review her email and messaging accounts associated with Rady and produce all responsive, non-privileged documents for the time period of January 29, 2019 to February 24, 2021.

//

# CONCLUSION

Plaintiffs' Motion is **GRANTED** or partially granted as to: RFP Nos. 1 & 2 to Defendant Reese, set one, and RFP Nos. 1 & 2 to Defendant Nienow. Plaintiffs' Motion is **DENIED** as to Interrogatory No. 1 to Defendant Nienow. Defendants are ordered to supplement their responses in accordance with this order within fourteen (14) days of this order.

**IT IS SO ORDERED.**

Dated: 1/8/2024

Hon. Barbara L. Major
United States Magistrate Judge