UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MEYER, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Lead Case No.: 21-cv-341-RSH-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS WILLIAM MEYER AND DANA GASCAY'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>[ECF Nos. 305; 307] |
| MADISON MEYER,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | |

　　　Before the Court is a motion for leave to file a third amended complaint filed by plaintiffs William Meyer and Dana Gascay. ECF No. 305. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court grants in part and denies in part Plaintiffs' motion.

///

1

## I. RELEVANT BACKGROUND

The instant case arises from the alleged unauthorized video surveillance of Plaintiffs and their daughter, Madison Meyer, at Rady Children's Hospital–San Diego ("Rady's").

### A. Plaintiffs' Original Complaint

On February 25, 2021, Plaintiffs initiated the instant action against the County of San Diego ("County"), the County's Health and Human Services Agency ("HHSA"), Rady's, the Regents of the University of California ("Regents"), Elizabeth Reese ("Reese"), Kayla Valenzuela ("Valenzuela"), Dr. Shalon Nienow ("Nienow"), and Tiffany Paugh ("Paugh"). 21cv341 ("*Meyer I*"), ECF No. 1. Plaintiffs' original Complaint asserted six causes of action for: (1) violation of Plaintiffs' First and Fourteenth Amendment rights under 35 U.S.C. § 1983; (2) *Monell* claims against the County, HHSA, Rady's, and the Regents; (3) violation of California Civil Code § 43; (4) violation of California's Bane Act, § 52.1 of the California Civil Code; (5) intentional infliction of emotional distress; and (6) intrusion into private affairs. *Id.* at ¶¶ 52–91.

Defendants subsequently filed three separate motions to dismiss. ECF Nos. 11 (defendant Rady and Reese's motion to dismiss); 13 (defendant Regents and Nienow's motion to dismiss); 17 (defendant County's motion to dismiss).

### B. Plaintiffs' First Amended Complaint

On June 14, 2021, Plaintiffs filed a First Amended Complaint ("FAC") withdrawing their claims against the HHSA and Regents. ECF No. 27. The FAC asserted five causes of action for: (1) judicial deception, nonconsensual medical procedures, and invasion of privacy under § 1983 and related *Monell* claims; (2) violation of California Civil Code § 43; (3) violation of California's Bane Act; (4) intentional infliction of emotional distress; and (5) intrusion into private affairs. *Id.* at ¶¶ 70–161. Upon Plaintiffs' filing, the Court denied Defendants motions to dismiss Plaintiff's original Complaint as moot. ECF No. 28.

Defendants afterwards filed four separate motions to dismiss and an anti-SLAPP motion to strike Plaintiffs' FAC. ECF Nos. 31 (defendant Nienow's motion to dismiss); 32 (defendants Rady and Reese's motion to dismiss); 35 (defendant Valenzuela and Paugh's

motion to dismiss and anti-SLAPP motion to strike); 36 (defendant County's motion to dismiss). On October 21, 2021, the Court granted in part and denied in part Defendants' various motions to dismiss Plaintiffs' FAC. ECF No. 57.

### C. Second Amended Complaint

On December 27, 2021, Plaintiffs filed a Second Amended Complaint ("SAC") against the County, Rady's, Reese, Valenzuela, Nienow, Paugh, Catherine Craft ("Craft") and Tami Snyder ("Snyder."). ECF No. 61. Plaintiffs' SAC asserts eight causes of action for: (1) unwarranted surveillance and invasion of privacy under §1983; (2) judicial deception under §1983; (3) unwarranted medical procedures/examinations under §1983; (4) a *Monell* claim against the County; (5) a *Monell* claim against Rady's; (6) invasion of privacy/intrusion into private affairs; (7) invasion of privacy in violation of California Constitution, Article 1, § 1; and (8) intentional infliction of emotional distress. *Id.* ¶¶ 219–383.

On February 28, 2022, Defendants filed a joint motion to dismiss Plaintiffs' SAC. ECF No. 83. On March 16, 2023, the Court granted in part and denied in part Defendants' motion. ECF No. 95. In so doing, the Court granted Defendants' motion to dismiss the *Monell* claims asserted against both the County and Rady's. *Id.* at 33–43.

Although the Court granted Plaintiffs leave to amend their *Monell* claims, it expressly cautioned Plaintiffs as follows:

> Plaintiffs have not requested leave to amend, nor have they indicated how an amendment may save their claims. If Plaintiffs seek to amend their *Monell* claims only, they must file a noticed motion for leave to amend *within 30 days of this Order*. The motion must address and apply the relevant legal standards that govern subsequent amendment of the pleadings, and strictly comply with the Civil Local Rules and the undersigned's Civil Procedures. The proposed amended complaint should address the deficiencies in Plaintiffs' Monell claims, as identified above. Defendants will have the opportunity to oppose such a motion, consistent with the timeline provided in the Local Rules.

*Id.* at 50 (emphasis in original).

///

Plaintiffs did not file a motion for leave to amend their *Monell* claims within this deadline. *See* Docket.

### D.  June 29, 2023 Scheduling Order

On June 29, 2023 the Court issued a scheduling order in this case setting the deadline for the Parties to amend pleadings to September 15, 2023. ECF No. 120 at 2. Plaintiffs did not file a motion for leave to amend by this deadline. *See* Docket.

### E.  Consolidation of *Meyer I* and *Meyer II*

On August 29, 2023, Plaintiffs' daughter, now a legal adult, initiated a separate action against Defendants in California Superior Court. *Meyer v. County of San Diego*, 24cv438 ("*Meyer II*"), ECF No. 1 at 5–115. On March 6, 2024, Defendants removed *Meyer II* to this Court based on federal question jurisdiction. *Id*. at 3. On April 24, 2024, the Court granted Defendants' motion to consolidate the *Meyer I* and *Meyer II* cases. *Meyer II*, ECF No. 14.  In light of this consolidation, the Parties filed a joint motion seeking a timeline to amend plaintiff Madison Meyer's complaint. ECF No. 233. The Parent Plaintiffs did not seek leave to amend at this time. *See id.*

On June 3, 2024, plaintiff Madison Meyer filed a FAC in the consolidated case. ECF No. 235.  On February 10, 2025, the Court granted in part and denied in part Defendants' motion to dismiss plaintiff Madison Meyer's FAC. ECF No. 270. On March 10, 2025, plaintiff Madison Meyer filed her SAC. ECF No. 276. On April 1, 2025, the Court granted the Parties' joint request to allow Plaintiff to file a TAC to substitute one of the Doe defendants with defendant Hurd. ECF No. 282 at 1.

On April 14, 2025, Defendants filed a motion to dismiss plaintiff Madison Meyer's TAC. ECF No. 285. On July 21, 2025, the Court granted in part and denied in part Defendants' motion. ECF No. 289.  Of relevance here, in resolving Defendants' motions to dismiss plaintiff Madison Meyer's amended pleadings, the Court permitted certain of her *Monell* claims to proceed. *See* ECF Nos. 270; 289.

### F.  Scheduling Order

The Court issued a new scheduling order in this case on August 27, 2025. ECF No.

302. Given the multiple opportunities afforded to the Parties to amend their pleadings, the Court declined to set a deadline for further amendment. *See id.* On September 5, 2025, Plaintiffs filed a motion for leave to file a TAC. ECF No. 305. Defendants have filed a response, and Plaintiffs have filed a reply. ECF Nos. 306; 308.

## II.  DISCUSSION

In the instant Motion, Plaintiffs request leave to: (1) substitute Pamela Hurd for the Doe defendant formerly identified as "Doe HHSA Manager" in Plaintiffs' SAC; and (2) amend their *Monell* claims against the County and Rady's. ECF No. 305 at 3. The Court addresses these requests, in turn, below.

### A.  Pamela Hurd

Plaintiffs first request leave to substitute Ms. Hurd as a previously identified Doe defendant in this action. The record reflects that Ms. Hurd was not identified as a defendant until March 19, 2025. ECF No. 305-2 at 3. The County does not oppose Plaintiffs' request. ECF No. 306 at 9. In light of the foregoing, and in the absence of any opposition, the Court **GRANTS** Plaintiffs leave to substitute Ms. Hurd in place of a previously identified Doe defendant in this action.

### B.  *Monell* Claims

Plaintiffs next request leave to amend their pleadings to assert the same *Monell* claims the Court found were plausibly pleaded by plaintiff Madison Meyer. ECF No. 305 at 3.

Before addressing the merits, the Court must first consider the proper legal standard applicable to Plaintiffs' request. Defendants argue Plaintiffs' motion should be construed as a motion for reconsideration of the Court's March 16, 2023 Order dismissing Plaintiffs' *Monell* claims and setting a deadline for amendment. ECF No. 306 at 9–12. Plaintiffs respond the instant motion is governed by the leave to amend standard under Federal Rule of Civil Procedure 15, but also suggest that there is good cause for Plaintiffs' amendment under Rule 16. ECF No. 308 at 7–8.

///

  Here, Plaintiffs were provided multiple opportunities to plead their *Monell* claims. ECF Nos. 1; 27; 61. After their *Monell* claims were dismissed, Plaintiffs were then given multiple opportunities to request leave to further amend these claims, but repeatedly failed to do so within the deadlines set by the Court. The first of these deadlines was set over two years ago in the Court's March 16, 2023 order on Plaintiffs' SAC, which required Plaintiffs to file a motion for leave within thirty days of the Court's Order. ECF No. 95 at 50. The Court subsequently set a deadline for the Parties to amend their pleadings in its June 29, 2023 scheduling order. ECF No. 120 at 2. Plaintiff did not meet either of the above deadlines. Even after the case was consolidated, Plaintiffs did not seek leave to amend their complaint in the Parties' joint motion to the Court. *See* ECF No. 233.

  In light of the above, the proper framework requires the Court to apply Rule 16(b)'s "good cause" standard followed by Rule 15. *See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) ("Where . . . a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under Federal Rule of Civil Procedure ('FRCP') 16's 'good cause' standard rather than the 'liberal amendment policy' of FRCP 15(a)."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings[.]") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

  Plaintiffs contend their request for leave to amend their *Monell* claims is warranted because they only concluded such an amendment would not be futile *after* the Court's orders on plaintiff Madison Meyer's *Monell* claims. ECF No. 305-1 at 12–13. In this case, Plaintiffs request "evidences an improper wait-and-see approach to litigation." *Ortega v.*

*Nissan N. Am., Inc.*, No. 122CV01581ADAEPG, 2023 WL 3569795, at *8 (E.D. Cal. May 18, 2023), *report and recommendation adopted*, No. 122CV01581ADAEPG, 2023 WL 4669971 (E.D. Cal. July 20, 2023).

Notably, Plaintiffs do not contend any of the factual allegations underlying their proposed amendments were unavailable to them until recently. *See* ECF Nos. 305-1; 308. This factor weighs against a finding of diligence. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (district court did not err in denying leave to amend where "[n]othing in the proposed amended complaint relied on facts that were unavailable before the stipulated deadline."); *see also Cortez v. Chipotle Mexican Grill, Inc.*, No. 19-56354, 2021 WL 3214765, at *1 (9th Cir. July 29, 2021) ("Because the facts underlying the proposed [] claim were already known when [plaintiff] filed her complaint, and she filed her motion [for leave to amend] months after the scheduling order's deadline, the district court did not abuse its discretion in finding that [plaintiff] did not establish good cause to extend the deadline.").

Instead, Plaintiffs' briefing makes clear the "critical litigation development" underlying their instant motion for leave was the Court's orders on plaintiff Madison Meyer's *Monell* claims. ECF Nos. 305-1 at 9; 308 at 8.

In short, Plaintiffs moved for leave only after it became apparent that the Court would not rule adversely on a motion to dismiss the *Monell* claims they now seek leave to amend. This type of wait-and-see falls short of the diligence required under Rule 16. *See Acri v. Int'l Asso. of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986) (district court did not err in denying leave to amend where plaintiffs' delay in bringing cause of action was a "tactical choice"); *TC Rich, LLC v. Pacifica Chem. Inc.*, No. CV154878DMGAGRX, 2019 WL 13060484, at *2 (C.D. Cal. Apr. 15, 2019) ("The fact that Plaintiffs made a tactical decision amounting to a 'wait and see' approach demonstrates that they did not diligently seek an extension of the deadline for amending the Complaint."); *Giron v. HSBC Bank USA, N.A.*, No. 215CV08869ODWJCX, 2017 WL 11537595, at *3 (C.D. Cal. Jan. 31, 2017) (holding plaintiffs had not demonstrated good

cause for leave to amend where the only explanation offered was a "web of tactical decisions" including waiting on the resolution of other motions); *see also Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) ("This court has declined to reward a wait-and-see approach to pleading."). The Court concludes Plaintiffs have not demonstrated good cause to amend their *Monell* claims under Rule 16.

## III. CONCLUSION

For the above reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for leave to amend. Specifically, the Court **GRANTS** Plaintiffs' leave to file a TAC that substitutes Pamela Hurd for the Doe defendant formerly identified as "Doe HHSA Manager" in Plaintiffs' SAC. Plaintiffs' motion is **DENIED** in all other respects. Plaintiffs' TAC must be filed within **five days** of the date of this Order.[1]

**IT IS SO ORDERED.**

Dated: October 23, 2025

Hon. Robert S. Huie
United States District Judge

---

[1] The Court further **DENIES** Plaintiffs' joint motion to continue [ECF No. 307] as moot.