UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM MEYER; DANA GASCAY; MADISON MEYER,

Plaintiffs,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.: 21-cv-0341-RSH (BLM)

**ORDER GRANTING IN PART PLAINTIFF MADISON MEYER'S MOTIONS TO COMPEL COUNTY OF SAN DIEGO TO PROVIDE SUPPLEMENTAL RESPONSES**

**[ECF Nos. 339-343]**

Currently before the Court are Plaintiff Madison Meyer's ("Plaintiff") five Motions to Compel Defendant County of San Diego to Provide Supplemental Responses to Request for Production, Sets 1-4, 6 ("MTC"). ECF Nos. 339-343. On March 11, 2026, Defendant County of San Diego ("Defendant" or "County") filed an Omnibus Opposition to Plaintiff's Motions to Compel ("Oppo"). ECF No. 346. On March 18, 2026, Plaintiff filed her replies to Defendant's opposition ("Reply").[1] ECF Nos. 347-351. The Court will address all five motions in this omnibus Order due to the narrow issues presented by the parties.

---

[1] The Court will distinguish the separate motions and replies by citing to the specific docket number for each filing in the Court's electronic case filing system.

1

After reviewing Plaintiff's MTC, Defendant's Oppo, Plaintiff's Reply and all supporting documents, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motions for the reasons set forth below.

<h3 style="text-align:center">RELEVANT PROCEDURAL BACKGROUND</h3>

On April 23, 2025, Plaintiff Madison Meyer ("Plaintiff") filed her Third Amended Complaint ("TAC") in this action alleging Defendants, including the County of San Diego ("County") violated her civil rights in violation of 42 U.S.C. § 1983. ECF No. 283. The Court entered a Scheduling Order Regulating Discovery and other Pre-Trial Proceedings on August 27, 2025. ECF No. 302. On December 22, 2025, the parties filed their first joint motion seeking an extension of time to allow Plaintiff to file a motion to compel regarding the County's responses to Plaintiff's Request for Production of Documents ("RFP") Sets 1-4, 6. ECF No. 317. This request was granted. ECF No. 318. The parties filed two more joint motions seeking to continue the deadline to file a motion to compel against the County regarding responses to RFPs, Interrogatories, and Requests for Admissions indicating that their meet and confer efforts had been productive and the County agreed to supplement their responses, remove some objections and provide additional explanation and support for the remaining objections. See ECF Nos. 322, 328. These motions were also granted by the Court. See ECF Nos. 323, 329. In the February 4, 2026 Order, the Court issued a briefing schedule for Plaintiff to file any necessary motions to compel by March 4, 2026, the County had until March 11, 2026 to file an opposition, and Plaintiff was given the option to file a reply by March 18, 2026. ECF No. 329.

On March 4, 2026, Plaintiff filed five motions to compel. ECF Nos. 339, 340, 341, 342, 343. The County filed an omnibus opposition in which they acknowledge that they served additional responses to the discovery at issue after being served with the motions to compel. ECF No. 346. In addition, the County states that "[a]ll [] boilerplate objections have been deleted" from their responses to discovery. Id. at 13.

The scope of the discovery disputes was significantly narrowed after the motions were filed. Therefore, the Court will address only the disputes that remain and not all of the arguments raised by Plaintiff in the motions.

<h3 style="text-align:center">LEGAL STANDARD</h3>

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

3:21-cv-0341-RSH-BLM

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)"). Limits should be imposed where the burden or expense of the proposed discovery outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C).

Any party, on notice to all other parties and all affected persons, may apply for an order compelling discovery or disclosure. Fed. R. Civ. P. § 37(a)(1). Federal Rule of Civil Procedure Rule 37 provides for an entry of an order compelling discovery where a party has failed to respond to an interrogatory or request for production on the following grounds:

> A party seeking discovery may move for an order compelling an answer [or] production [...] if (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted or fails to permit inspection as requested under Rule 34.

Fed. R. Civ. P. § 37(a)(3)(B)(iii)-(iv).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request,

3

3:21-cv-0341-RSH-BLM

including the reasons." Fed. R. Civ. P. 34(b)(2)(B).  The responding party is responsible for all items in the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

## REQUEST FOR PRODUCTION ("RFP")

Plaintiff has filed five separate motions to compel. See ECF Nos. 339-343.  After the County filed its omnibus opposition, Plaintiff filed five separate replies.  See ECF No. 346, 347-351. After reviewing all the pleadings, the Court finds that some of the disputes with regard to the RFPs have been resolved.  In addition, because Defendant served further responses after the motions to compel were filed, some of Plaintiff's arguments contained in the moving papers are moot.  As a result, the Court will address only the RFPs and the issues that remain in dispute.

A.   Requests for Production 5-7, 10

**RFP No. 5**:  All DOCUMENTS, memoranda, PowerPoint Presentations (in native form) lecture notes, letters, flyers, emails, communications, handouts, movies, AND/OR training materials (and similar documents however named) the County of San Diego's social workers received AND/OR were presented, between January 1, 2017 through December 31, 2023, regarding a social worker's responsibilities to be honest, accurate, AND/OR complete in documents AND/OR reports filed with the Juvenile Court, testimony provided in any Juvenile Dependency Proceeding, AND/OR information entered AND/OR documented into the CWS/CMS database.

**RFP No. 6**:  All DOCUMENTS, memoranda, PowerPoint Presentations (in native form), lecture notes, letters, flyers, emails, communications, handouts, movies, AND/OR training materials (and similar documents however named) the County of San Diego's social workers received AND/OR were presented, between January 1, 2017 through December 31, 2023, regarding a social worker's responsibilities when a social worker is signing a petition, court report, AND/OR document being filed with the Juvenile

4

Court.

**RFP No. 7**:  All DOCUMENTS, memoranda, PowerPoint Presentations (in native form), lecture notes, letters, flyers, emails, communications, handouts, movies, AND/OR training materials (and similar documents however named) the County of San Diego's social workers received AND/OR were presented, between January 1, 2017 through December 31, 2023, regarding a social worker's responsibilities to correct, cure, amend, AND/OR revise any errors AND/OR omissions in documents AND/OR reports filed with the Juvenile Court, testimony provided in any Juvenile Dependency Proceeding, AND/OR information entered AND/OR documented into the CWS/CMS database.

**RFP No. 10:**  All DOCUMENTS, memoranda, PowerPoint Presentations (in native form), lecture notes, letters, flyers, emails, communications, handouts, movies, AND/OR training materials (and similar documents however named) the County of San Diego's social workers received AND/OR were presented, between January 1, 2017 through December 31, 2023, regarding California Government Code §820.21, including the loss of immunity for committing perjury, fabrication of evidence, or failure to disclose known exculpatory evidence.

Decl. of Mitchell Malachowski in Oppo to MTC ("Malachowski Decl."), ECF No. 346-2, Ex. A. at 11-13, 15-16.

Plaintiff initially moved to compel further responses to these RFPs because the County claimed there were no responsive documents.  See ECF No. 339. The County has now supplemented their responses and claims in the opposition that the "amended responses resolve" the issues raised in the original motion.  Oppo at 10. Plaintiff disagrees.   In the reply, Plaintiff argues that the amended responses now withhold documents on the basis of attorney-client and work product privileges and the County has failed to provide a privilege log. ECF No. 347 at 8. In addition, Plaintiff argues the County is improperly withholding the non-privileged PowerPoint presentations and policy documents in their native and/or electronic form. Id. at 9.

### 1.    Privilege Log

If the County is withholding responsive documents based on attorney-client or work

product privileges, they must provide a privilege log.  See  Fed.R.Civ.P. 26(b)(5) (requiring party to expressly make claim of privilege and to describe the nature of the material withheld).  The Court **ORDERS** the County to produce a detailed privilege log for all documents it is withholding on privilege grounds.

2.    PowerPoint Presentations

In RFP Nos. 5-7 and 10, Plaintiff is seeking non-privileged PowerPoint presentations in their native form.  Malachowski Decl., Ex. A.  In their amended responses, the County claims to have produced "all non-privileged documents responsive to this request" and cites to specific Bates stamped numbers.  Id.  Plaintiff acknowledges she has now received these PowerPoint presentations in their "static form" but argues these RFPs specifically request the non-privileged PowerPoint presentations in their native or electronic form which they have not been provided. ECF No. 347 at 10.  The County does not address this argument as to these RFPs or make any argument that Plaintiff is not entitled to these documents in their native form.[2]

Rule 34(b)(1)(C) permits the party requesting discovery to "specify the form or forms in which electronically stored information is to be produced." Fed.R.Civ.P. 34(b)(1)(C).  The Court finds that Plaintiff requested production of these materials in specified forms, specifically in their native or electronic format.  In addition, the County has not demonstrated that complying with these specific forms of production would pose an undue burden.

The Court therefore **GRANTS** Plaintiff's motion to compel further responses to RFPs Nos. 5-7 and 10 and orders the County to produce in native or electronic format all non-privileged PowerPoint presentations previously produced in static form in its responses to RFPs 5-7 and 10.

B.    Requests for Production No. 11 and 12.

**RFP No. 11**:  All DOCUMENTS and ESI reflecting AND/OR documenting internal investigations, disciplinary actions, or performance reviews of any

---

[2] The County only argues against compelling production of PowerPoint presentations in their native form as to the RFPs set forth in Set Six.  See Oppo at 15.

County social worker related to findings or allegations that YOU engaged in JUDICIAL DECEPTION from January 1, 2015, through the present.

**RFP No. 12**:  All DOCUMENTS and ESI reflecting AND/OR documenting findings that YOU or an individual social worker engaged in JUDICIAL DECEPTION, which resulted in a finding of wrongdoing, a settlement, or a final adverse judgment against YOU or an individual social worker from January 1, 2015, through the present.

Malachowski Decl. ECF No. 346-2 at 16-17.

The County's amended responses to these RFPs states "County personnel associated with the relevant agencies are continuing to perform a reasonable and diligent search for responsive documents."  Id.  Plaintiff contends this response is deficient because it "fails to state whether any documents will be produced at all" and this is an "open-ended statement" that leaves Plaintiff "without any meaningful answer." ECF No. 347 at 5, 6.  Plaintiff seeks an order requiring the County to "serve amended responses that state unequivocally whether responsive documents exist and will be produced, and to produce all responsive documents." Id. at 6.  The Court agrees that the response is deficient and the County must provide further responses, or declare that no responsive documents exist, by a date certain.  The Court **GRANTS** Plaintiff's motion in part and **ORDERS** the County to produce all non-privileged documents responsive to RFP Nos. 11 and 12 or serve an amended response stating that no such documents exists, on or before **April 24, 2026**.

C.    Request for Production No. 13

**RFP No. 13:** All DOCUMENTS and ESI reflecting AND/OR documenting any COMPLAINTS alleging that YOU or an individual social worker removed a child from his or her parent's custody from January 1, 2015, through the present.

**RESPONSE**: Objection. This request seeks to invade the privacy of third parties and responding party's confidentiality obligations under state law. This request is overly broad, burdensome, and harassing. Further, responding party objects to this request on the grounds that it fails to

3:21-cv-0341-RSH-BLM

describe the items to be produced with reasonable particularity, thereby creating an undue burden not proportional to the needs of the case. Fed. R. Civ. P. 34(b)(1)(A); Fed. R. Civ. P. 26(b)(1). This request also seeks information protected by attorney-client privilege or work-product privilege and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Malachowski Decl., Ex. A at 17.

The County opposes Plaintiff's motion to compel further responses to RFP No. 13 on the grounds that the RFP is overbroad and not proportional to the needs of this case.  Oppo at 13. The County contends that seeking documents and ESI regarding any complaints that any County social worker ("CSW") removed a child from his or her parents during a ten-year period is "beyond any sensible proportionality."  Id.  In response, Plaintiff argues that this request is "directly relevant and appropriately tailored to Plaintiff's claims."  ECF No. 347 at 7.  Plaintiff claims this RFP is relevant to the Monell claims as it is "probative of notice, pattern, and custom – core elements of a Monell claim."  Id.  Plaintiff further contends that the ten year period sought in the discovery request is "necessary to evaluate whether the County had notice of similar conduct and failed to act."  Id.

The Court sustains the County's objections with regard to RFP No. 13 for the following reasons.  First, RFP No. 13 is overbroad because the request for information is not limited to the defendant social workers in this case or to removal circumstances similar to this case.  The scope and timeframe of the information sought in RFP No. 13 is overbroad and not proportional to the needs of this case. In addition, the term "complaints" is vague and overbroad and not limited to allegedly wrongful removals.  The RFP as written is overbroad, seeks irrelevant information, is not proportional to the needs of this case, and places an unreasonable burden on the County.

The Court sustains the County's objections and **DENIES** Plaintiff's motion to compel further responses to RFP No. 13.

D.     Requests for Production No. 14:

**RFP No. 14**: All DOCUMENTS and ESI reflecting AND/OR documenting any internal investigation, review, AND/OR administrative action taken by the YOU against Kayla Valenzuela, Tiffany Paugh, Tami Snyder, Catherine Craft, Heather Molzen, AND/OR Pam Hurd from January 1, 2015, through the present.

3:21-cv-0341-RSH-BLM

**RESPONSE:** Objection. This request is overly broad, burdensome, and harassing. Further, responding party objects to this request on the grounds that it fails to describe the items to be produced with reasonable particularity, thereby creating an undue burden not proportional to the needs of the case. Fed. R. Civ. P. 34(b)(1)(A); Fed. R. Civ. P. 26(b)(1). This request also seeks information protected by attorney-client privilege or work-product privilege, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, this Responding Party responds as follows: No documents will be produced that are unrelated to the instant action. See also, documents previously produced: CSD000142-240 Priv; CSD000241-361 Priv; CSD000362-471 Priv; and CSD000568-578 Priv.

In the County's opposition, it states the "County has now fully responded" to RFP No. 14. Oppo at 10.  Plaintiff argues that the County's amended responses "continue to rely on attorney-client privilege and attorney work product privilege objections despite no privilege log being produced."  ECF No. 447 at 9. To the extent the County withholds any responsive documents on the basis of attorney-client, work product, or any other privilege, it must serve a privilege log compliant with Rule 26(b)(5).   The Court **GRANTS** Plaintiff's motion to compel and **ORDERS** the County to provide a privilege log if documents have been withheld.

E.    Requests for Production 16 – 26

Plaintiff seeks documents relating to "communications between County social workers and specifically identified physicians, hospital personnel, and other professionals involved in the investigation of Madison Meyer and the related juvenile dependency proceedings."  MTC, ECF No. 343-1 at 4.  The County initially responded to RFP Nos. 16-26 with boilerplate objections and stated "[a]ll responsive documents in the possession, custody, or control of responding party have already been produced." Id.  Plaintiff moves to compel further responses and argues that the County has produced "thousands of pages of materials in discovery" and their failure to identify which documents are responsive to each RFP has resulted in Plaintiff "left unable to

9

determine which – if any – documents are responsive to the requests at issue. Id.

In response, the County agreed to delete the boilerplate objections. Oppo at 11. However, the County argues no further responses should be compelled because they have complied with Fed. R. Civ. P. 34(b)(2)(E)(i). Oppo at 14. Rule 34(b)(2)(E)(i) provides that a party must produce documents "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Id. The County argues that the documents have been produced "as kept in the usual course of business – as a juvenile court file." Oppo at 14.

In the reply, Plaintiff argues that the County should be compelled to supplement its responses verifying under oath that all responsive documents have been produced and to specifically identify the documents that Defendant contends are responsive to each request. ECF No. 348 at 6-7. Plaintiff maintains that she has "never previously requested these specific categories of communications in this form and has no way of determining what documents Defendant contends are "already produced," or whether responsive materials are being withheld." Id. at 5.

Rule 34 does not contain a provision requiring responses to be made under oath. See Fed. R. Civ. P. 34. However, some courts have required that a response be verified where a response to a production request is neither a commitment to provide responsive documents nor a legal objection but instead claims that all responsive documents have already been provided. See Q Industries, Inc v. O'Reilly Automotive, Inc., 2023 WL 5505889, at *5 (C.D. Cal. July 28, 2023) (citing Vazquez-Fernandez v. Cambridge College, Inc., 269 F.R.D. 150, 154 (D. P.R. 2010) ("[W]hen a response to a [request for] production for documents is not a production or an objection, but an answer, the party must answer under oath.")). The Court agrees with the Q Industries court and finds that in this case with regard to these RFPs where the County is not providing responsive documents and not asserting legal objections, the County must provide verified responses to each RFP stating that no responsive documents exist outside of the juvenile court file.

In addition, the Court finds that the County's response that all responsive documents

have been previously produced is inadequate.  Rule 34 prohibits parties from "producing a mass of undifferentiated documents for the responding party to inspect." <u>City of Colton v. Am. Promotional Events, Inc.,</u> 277 F.R.D. 578, 584-85 (C.D. Cal. 2011).  This is what the County has done here by merely identifying the voluminous juvenile court file and requiring the Plaintiff to determine which documents within the juvenile file is responsive to each individual request. Accordingly, the Court finds that further responses to these RFPs is required.

Plaintiff's motion to compel further responses to RFP Nos. 16-26 is **GRANTED.** The County is **ORDERED** to provide verified responses to each RFP and to identify Bates-stamped numbers of the documents within the juvenile court file that are responsive to each individual RFP.

F.    <u>Request for Production No. 27</u>

> **RFP No. 27:**  The entire (i.e., from start to finish), unredacted Delivered Service Log - electronic and/or native format- for Madison Meyer, Juvenile Court Case No. NO15489.
>
> **RESPONSE**: Objection. This request is unreasonably cumulative and duplicative as the documents sought are already in Propounding Party's possession, custody, or control. Fed. R. Civ. P. 26(b)(2)(C). This request is further oppressive and unduly burdensome to the extent it requires Responding Party to reproduce materials previously provided in this litigation. This request is overly broad, burdensome, and harassing.
>
> Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party has already produced all non-privileged documents responsive to this request in its prior production, refer to documents bearing Bates numbers [].

Malachowski Decl., Ex. C at 2.

The Delivered Service Log ("DSL") is a "comprehensive document that contains and details all social worker involvement with – and/or – concerning [Plaintiffs]."  MTC, ECF No. 339-1 at 8.  Plaintiff moves the Court to compel the County to produce the entire DSL in its "native

3:21-cv-0341-RSH-BLM

[Microsoft] Word format." Id. at 9. Plaintiff argues that the County can "readily export and produce the [DSL] in its native Word format without undue burden." Id. Initially Plaintiff argued that the County did not produce the entire DSL but a review of the reply indicates that the County has produced the entire DSL in several different "hard copy printouts" which is not the native or electronic form of the DSL. ECF No. 349 at 10. Plaintiff contends that the DSL should be produced as a Word document and the printouts produced are "fragmented" and "incomplete." Id. Plaintiff argues that the County maintains the DSLs in Word format and therefore, the DSLs should be produced in Word format. Id. at 7.

In response, the County provides the declaration of Sabina Hernandez, Protective Services Supervisor for the County of San Diego, Health & Human Services Agency ("HHSA"). See Decl. of Sabina Hernandez in Supp. of Oppo, ECF No. 346-1 ("Hernandez Decl.") In this declaration, Ms. Hernandez attests that DSL entries are entered into the Child Welfare Services/Case Management System (CWS/CMS) database. Id. at ¶ 5. When her office "prepares juvenile case file records, [they] print the DSLs from each referral and dependency case associated with the subject minor." Id. She also attests it is not possible to print "one set of DSLs from multiple referrals or dependency cases" and they have produced all "DSL entries" from Plaintiff's juvenile case file. Id. at ¶ 6. This declaration only addresses the issues Plaintiff raised with regard to multiple, separate printouts of the DSL; it does not address whether the DSL can be produced in Word or any other electronic form.

In the Reply, Plaintiff argues that the County *must* produce Madison's DSL logs in Word format. ECF No. 349 at 5. Plaintiff concedes that it may not be possible to generate one document encompassing all of Plaintiff's DSLs but argues that it is possible to limit the amount of DSLs to two given Plaintiff only had two dependency cases. Id. at 10. Plaintiff also contends that the printouts produced are not a sufficient response to this RFP. Id. Plaintiff claims that the County "maintains Madison's Delivered Service Logs in Word Format" and therefore they should be produced in their native form. Id. at 3. Ms. Hernandez does not specify the program that is used to print the DSL in her declaration. She declares that DSL entries are made into the "CWS/CMS database" and when a juvenile case file is prepared, her office "print[s] the DSL"

3:21-cv-0341-RSH-BLM

from "each dependency case associated with the subject minor." Hernandez Decl. at ¶ 5. This is done by "selecting" the specific dependency case in CWS/CMS and "then print[ing] all DSLs entered for each" dependency case associated with the subject minor. Id.

Plaintiff argues that the DSLs are maintained in Word form but that is contradicted by Ms Hernandez. As Ms. Hernandez attests, the DSLs are actually maintained in the CWS/CMS database and an unspecified program[3] is used to export the data. Id. Regardless, Rule 34(b)(1)(c) expressly authorizes the party propounding the discovery to specify the form in which ESI is to be produced. Fed. R. Civ. P. 34(b)(1)(c). In the RFP, Plaintiff requested that the DSL for Plaintiff be produced in its electronic and/or native form but did not specify Word or any other program. Malachowski Decl. at 33. Where no specific format is requested, Rule 34(b)(2)(E)(ii) requires the ESI be produced in a "form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. Rule 34(b)(2)(E)(ii).

Here, neither party addresses whether the DSLs can be produced in their "native form" because the DSLs are maintained in a database. The issue is whether providing the "static hard copies" instead of the Word document, or some other export program, used to print the hard copies meets Rule 34 requirements that ESI is produced in a "reasonably usable form." Id. The Advisory Committee Notes to the 2006 amendments to Rule 34 make explicit that the "reasonably usable" standard "does not mean that the responding party may convert ESI from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation." Fed. R. Civ. P. 34, advisory committee's notes, 2006.

Plaintiff argues that by only providing hard copies of the Word documents, the "electronic search feature is removed or significantly degraded" ECF No. 349 at 10. In response, the

---

[33] Plaintiff claims the program used is Microsoft Word. In the declaration of Stephen Daner, Plaintiff attaches as an exhibit a training document for County social workers that was produced in another matter. See Declaration of Stephen D. Daner in Supp. of MTC (Set Three) ("Daner Decl."), ECF No. 339-2, Ex. G, "Create the Delivered Service Log." This PowerPoint presentation purports to instruct on how to download and print a DSL into a Word document. Id.

13

3:21-cv-0341-RSH-BLM

County argues it is only required to either produce the ESI in its native format or provide "exact Bates labels of the documents produced in response to the request." Oppo at 10-11 (citing City of Colton v. Am. Promotional Events, Inc., 277 F.R.D. 578, 580 (C.D. Cal. 2011)). However, City of Colton does not support the County's position as the court interpreted Rule 34(b)(2)(E) to impose organizational requirements on ESI, concluding that it is "common sense" that ESI must be "organized in such a way as to facilitate, not hinder, the usefulness of the information produced." Id. at 584. The Bates labels referred to in Colton were to previously produced ESI, not hard copy printouts. Id. The Court agrees with Plaintiff that paper print outs of the DSLs are not a "reasonably useable form of production" of the DSLs because a paper printout eliminates the ability to search the document, a main feature of most ESI.

The Court finds Plaintiff is entitled to the electronic export files generated in the ordinary course immediately prior to printing for each one of Plaintiff's DSLs.[4] It appears these files are already generated by County as the immediate step before printing the DSLs and therefore, the Court overrules the County's objection that production of these files is burdensome. The DSLs should be produced in their native form or, if County prefers, it may produce them in searchable Word, even if Word is not the native format. If County is unable to provide the DSLs in native form or searchable Word, County must provide a declaration to Plaintiff identifying the specific program format in which DSLs are maintained and explaining why they cannot be produced in either the native format or Word.

Plaintiff's motion to compel further response to RFP No. 27 is **GRANTED** in part and **DENIED** in part.

G.  Requests for Production 48-59

Plaintiff seeks a motion to compel the County to produce personnel file records for named defendants and to provide a signed privilege log for any withheld documents. MTC, ECF No. 340-1 at 8. In response, the County states that Plaintiff's motion "primarily concerns the

---

[4] The County does not address or contradict Plaintiff's assertion that Microsoft Word is the program used to export data from the County's database and therefore, the Court assumes this is the program utilized by the County.

3:21-cv-0341-RSH-BLM

obligation of the County to produce personnel records consistent with this Court's prior order in Hipschman v. Cnty. of San Diego, 738 F.Supp.3d 1332, 1343 (S.D. Cal. 2024))." Oppo at 14. The County claims that the "amended responses to RFPs [Nos. 48-59] now reflect [the] County having fully produced personnel files consistent with Hipschman," Id. at 14-15.

In the reply, Plaintiff disputes that the County has fully produced documents consistent with the Court's previous ruling in Hipschman. ECF No. 350 at 8. In Hipschman, this Court ruled that the appropriate timeframe for discovery of a social worker's personnel file spans five years prior to the incident through one year after the incident. Hipschman, 738 F.Supp.3d at 1343. Plaintiff claims that despite the fact the parties agree on this temporal scope, the County still refuses to produce responsive personnel file documents that fall within this timeframe. ECF No. 350 at 7-8. The County's opposition does not address whether they continue to withhold personnel files that fall within the temporal scope of Hipschman.

The Court **ORDERS** the County to produce all responsive documents in accordance with Hipschman. To the extent that Plaintiff is arguing that the County's untimely response waives all objections and the County must produce personnel records outside of the Hipschman scope, Plaintiff's request is **DENIED.**

Plaintiff also seeks an order requiring the County to provide a privilege log with sufficient detail claiming their privilege log "omits sufficient detail to assert an attorney-client or work product privilege" and it is unsigned. ECF No. 350 at 7. However, neither the County's initial responses nor amended responses to RFP Nos. 48-59 contain an assertion of attorney-client or work product privilege. See Daner Decl., ECF No. 340-2 at 13-22; Malachowski Decl., Ex. D. In its initial responses, the County did assert official information privilege but the amended responses no longer assert that privilege. Id. Accordingly, Plaintiff's motion to compel the County to provide a detailed and signed privilege log as to RFP Nos. 48-59 is **DENIED**. If County identifies additional responsive documents pursuant to this order and any of them are privileged, then County must provide a detailed privilege log.

///

///

H.      Requests for Production Nos. 71-85

Plaintiff seeks an order compelling production of "non-privileged PowerPoint presentations and policy documents in native and/or electronic form." ECF No. 351 at 5.  In its opposition, the County agrees that the "core issue in plaintiff's motion" as to these RFPs is "the production of certain PowerPoints in native form."  Oppo at 15.  The County further contends "[t]his exact issue has already been litigated by this Court in this case" and cites to this Court's March 11, 2025 Order asserting that Plaintiff provides "no based for this Court to revisit this issue." Id. (citing to ECF No. 277.)

The County is incorrect. The discovery at issue in the March 11, 2025 Order was in dispute because the County had claimed that the discovery, specifically PowerPoint presentations in their native form, was protected by attorney-client and work product privileges.  See ECF No. 277. Notably, in the County's response to the discovery motion at issue in the March 11, 2025 Order, it informed the Court that it withdrew its objections and voluntarily produced some of the PowerPoint presentations. Id. at 4.  As for the remaining PowerPoint presentation, the County produced a declaration from County Counsel which the Court relied on in finding that it adequately set "forth facts establishing the elements of the attorney-client privilege" and the "remaining PowerPoint presentation is protected by the privilege." Id. at 15.

As such, the Court's March 11, 2025 Order cannot be the basis for withholding this discovery.  In its amended response, the County is not asserting attorney-client privilege or attorney work product privilege. See Malachowski Decl., Ex. F.  The County has not submitted the declaration of counsel to support a finding that these PowerPoint presentations are protected by any privilege.   Moreover, Plaintiff makes clear that only non-privileged PowerPoint presentations are sought.  ECF No. 351 at 5.

Accordingly, Plaintiff's motion to compel further responses to set six is **GRANTED**.  The County is **ORDERED**  to produce all non-privileged PowerPoint presentations in their native form responsive to RFPs Nos. 71-85.  Plaintiff's motion to compel the County to produce a signed privilege log is **DENIED** as moot.

///

3:21-cv-0341-RSH-BLM

## CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's Motions to Compel are **GRANTED** in part. ECF Nos. 339-343. The County must produce responsive documents to RFP Nos. 11 and 12, or amended responses stating no documents exist, to Plaintiff on or before **April 24, 2026**.  All other responsive documents, privilege logs, or affidavits ordered by the Court above must be produced to Plaintiff on or before **May 1, 2026**.

**IT IS SO ORDERED.**

Dated:  4/7/2026

Hon. Barbara L. Major
United States Magistrate Judge

3:21-cv-0341-RSH-BLM