UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Meyer, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>County of San Diego, et al.,<br><br>                              Defendants. | Case No.:  21-cv-341-RSH-JAC<br><br>**ORDER GRANTING JOINT MOTION FOR ORDER TO PRODUCE RECORDS PURSUANT TO THIRD-PARTY SUBPOENA**<br><br>ECF No. 372 |

On May 26, 2026, the parties filed a joint stipulation to produce 827 records pursuant to the third-party subpoena served on Kayla Caton. ECF No. 372. The records consist of the juvenile dependency records and transcripts in Plaintiff Madison Meyer's juvenile dependency case. Because these records consist of juvenile case records, they may not be released to other parties or witnesses, including either percipient or designated experts in this action, absent a court order. Ms. Caton and Plaintiffs seek the Court's approval to use, rely on, and disseminate these records subject to the existing protective order in this case. ECF No. 372 at 1. The Court previously granted similar requests from the parties. *See* ECF No. 354; *see also see also Meyer v. County of San Diego*, No. 21-CV-341-RSH-BLM,

1

2024 WL 505193, at *4 (S.D. Cal. Jan. 22, 2024) ("The Court already has found that section 827 [of the California Welfare and Institutions Code] does not prevent disclosure of documents and information in M.M.'s juvenile case file."). Plaintiff Madison Meyer and her family, the parties intended to benefit from the confidentiality provisions of Cal. Welf. & Inst. Code § 827, do not object to the disclosure of records for use in this case. ECF No. 372 at 4.

Therefore, the Court **GRANTS** the joint motion, and orders the following:

1. Ms. Caton is permitted to, and shall within ten (10) days of entry of this order produce to Plaintiffs those portions of Plaintiff Madison Meyer's juvenile case records that are in her possession, custody, and/or control, if any;

2. The confidentiality of all involved children, reporting parties, parents, and/or any other parties whose interests may be implicated shall be protected from disclosure to the public under the terms of the protective order already in place in this case (ECF Nos. 122, 124) without the need for further Court orders;

3. Ms. Caton shall produce all responsive documents in her possession, custody, and/or control in unredacted form, except as noted in the parties' stipulation (ECF No. 372), that might otherwise be protected under Cal. Welf. & Inst. Code § 827;

4. The documents provided pursuant to this order shall remain subject to the provisions of Cal. Welf. & Inst. Code § 827, in that the documents may not be disseminated other than to counsel, including outside counsel and County Counsel, their clients, retained and non-retained experts including without limitation attorney Donnie R. Cox, mediators, and any witnesses if needed in this matter, and at trial subject to any admissibility rulings by the Court;

//
//
//
//
//

21-cv-341-RSH-JAC

5.  The documents produced pursuant to this order shall remain confidential and if filed with this Court will be filed under seal pursuant to the federal court rules and local rules.

**IT IS SO ORDERED**.

Dated:  May 27, 2026

_____
Hon. Janet A. Cabral
United States Magistrate Judge

21-cv-341-RSH-JAC