UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MEYER, et al., Plaintiffs, v. COUNTY OF SAN DIEGO, et al., Defendants. | Case No.: 21-cv-341-RSH-JAC **ORDER DENYING COUNTY DEFENDANTS' MOTION FOR PROTECTIVE ORDER RELATIVE TO RULE 30(B)(6) DEPOSITION** ECF No. 424 |

Before the Court is Defendants County of San Diego, Kayla Valenzuela, Tiffany Paugh, Tami Snyder, Catherine Craft, Heather Molzen, and Pamela Hurd's (collectively, the "County" or "County Defendants") motion for a protective order. ECF No. 424 ("Mot."). Plaintiffs filed an opposition to the motion, ECF No. 425 ("Opp'n."), and evidentiary objections, ECF No. 425-1 ("Objs."). County Defendants seek a protective order under Federal Rule of Civil Procedure 26(c) to prevent Plaintiffs from deposing a County designee under Rule 30(b)(6) as to 17 disputed categories for testimony. Having considered the parties' submissions, the Court **DENIES** County Defendants' motion.

//

**Background**

In her operative Third Amended Complaint, Plaintiff Madison Meyer alleges that she and her family were subjected to unauthorized video surveillance at Rady Children's Hospital–San Diego following child abuse allegations. ECF No. 283 ("TAC"). In Plaintiff's seventh cause of action, she asserts a *Monell* claim under 42 U.S.C. § 1983 against the County, alleging that County policies, customs, and deliberately indifferent failures to train and supervise its Health and Human Services Agency personnel caused violations of Plaintiff's constitutional rights. *See generally* TAC ¶¶ 349–408. Plaintiff's *Monell* claim comprises two counts. First, Plaintiff alleges that County personnel, acting pursuant to established practices and with supervisory and management approval, participated in covert hospital-room surveillance and unauthorized, nonemergency medical examinations and procedures, without adequate consent, judicial authorization, or parental notice and participation. TAC ¶¶ 349–77. Second, Plaintiff alleges that County personnel followed established customs of submitting materially false or misleading information to the juvenile court, suppressing exculpatory evidence, fabricating witness quotations, and allowing supervisors to attest to reports without personal knowledge. TAC ¶¶ 377–408. Plaintiff alleges that supervisors approved the reports in her case and that the County failed to investigate, discipline, or adopt policies and recurring training requiring accurate reporting and disclosure of exculpatory evidence. *Id.*

On August 27, 2026, the parties alerted the Court to a discovery dispute regarding the County's objections to the notice of the deposition of the County of San Diego under Federal Rule of Civil Procedure 30(b)(6). This earlier iteration of Plaintiffs' deposition notice provided 49 topic categories with dozens of subcategories. The Court held an informal discovery conference with the parties on August 31, 2026. ECF No. 409. The Court found that Plaintiffs' deposition notice was overbroad and ordered the parties to meet and confer to narrow the noticed categories for testimony. *See id.* On September 24, 2026, following meet-and-confer efforts, the parties filed a joint motion to permit the service of interrogatories in lieu of Rule 30(b)(6) deposition as to certain categories of inquiry. ECF

No. 419. The Court granted the joint motion. ECF No. 421. The parties resolved some areas of dispute, and the County has produced three witnesses for the Rule 30(b)(6) deposition who have collectively testified for 16.5 hours on the record. The parties contacted the Court regarding 17 categories of testimony that the County objects to, but the parties were unable to resolve. ECF No. 420. The Court held a second discovery conference on September 29, 2026. ECF No. 422. The Court ordered the County to file a motion for protective order if it objects to any of the categories in Plaintiffs' Second Amended Notice of Deposition of the County under Rule 30(b)(6). *Id.* The present motion and opposition followed. *See* ECF Nos. 424, 425.

## Legal Standard

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Ribera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). This harm or prejudice must be specific. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citing *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test")). Moreover, simply being burdened by discovery is insufficient; "the burden must be 'undue' in order to justify the protective order." *Id.* at 1066. The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). If the motion "is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

## Analysis

The County argues the disputed sections of Plaintiffs' second amended notice of a Rule 30(b)(6) deposition of the County of San Diego are improper because the categories

(1) improperly call for expert opinion testimony and legal conclusions from a lay witness; and (2) are unduly burdensome and disproportionate to the claims in the case. The disputed categories are:

> **Category 1, Sub. 1(4):** [T]he facts known or reasonably available to the County concerning whether the County employees who dealt with Madison Meyer, William Meyer, and Dana Gascay acted consistently with those customs, policies, practices, and training, including any respect in which the County contends a particular employee departed from them.
>
> **Category 1, Sub. 2(3):** [T]he facts known or reasonably available to the County concerning whether the County employees responsible for Madison Meyer after her detention acted consistently with those customs, policies, practices, and training, including any respect in which the County contends a particular employee departed from them.
>
> **Category 2:** How the County's customs, policies, practices, and procedures for obtaining consent for medical, dental, or mental-health care of a child in temporary protective custody were applied to Madison Meyer, including those facts known or reasonably available to the County concerning whether the consent process used in her case followed those customs, policies, practices, and procedures.
>
> **Category 3, Subs. 1(2)-(4):** [T]he steps the County took to create and implement a case plan for Madison Meyer during the time she was in County custody, if any; … the documents that record those steps, if any; and, … the persons who performed them and the dates of those steps were performed.
>
> **Category 3, Sub. 3:** The contents of Madison Meyer's case plan(s) and case-plan updates, if any, while she was in County custody or under County supervision between January 1, 2019 and January 1, 2021; the County's policies, procedures, and training then in effect that specified what a case plan for a medically fragile child was required to contain and when it was required to be completed; the facts known or reasonably available to the County concerning whether that case plan and those updates contained the elements and met the time frames those policies, procedures, and training required; and the identity of each County employee who prepared, reviewed, or approved the plan or any update, if any.
>
> **Category 4:** How the County's CFT customs, policies, practices, and procedures were applied to Madison Meyer, William Meyer, and Dana

Gascay, including the facts known or reasonably available to the County concerning whether a CFT was required, whether one was held, and whether the process used followed/adhered to the County's customs, policies, practices, and procedures.

**Category 6, Subs. (2)–(3):** [T]he Detention Report, warrant application, supporting affidavit, and later court reports submitted in Madison Meyer's case; and, … the facts known or reasonably available to the County concerning whether those filings were consistent with the County's customs, policies, practices, and training, including any information then known to County employees that was omitted from those Court filings, if any.

**Category 8.F:** The facts known or reasonably available to the County concerning: (1) what information County employees possessed about Madison Meyer, William Meyer, and Dana Gascay at the time the Detention Report, warrant application, and supporting affidavit were submitted; (2) which of that information was included in those filings; (3) which of that information was omitted; and, (4) whether the inclusions and/or omissions, if any, were consistent with the County's customs, policies, practices, and training.

**Categories 14–19:** Those facts known or reasonably available to the County concerning whether [Individual County Defendant]'s[1] acts in the Meyer matter were consistent with its customs, policies, practices, and training, including any respect in which the County contends she departed from them and when.

**Category 29:** The facts known or reasonably available to the County concerning whether any County-employee Defendant in this case acted inconsistently with a County policy, procedure, or generally accepted County practice in the handling of Madison Meyer, including identification of the policy, procedure, or practice, the conduct at issue, the date, and the employee.

**A. Expert Opinion**

First, the County argues that the disputed categories improperly call for expert testimony and legal conclusions. Mot. at 6. The County urges the Court to adopt the

---

[1] Categories 14–19 are serial duplicates, each substituting in the name of one of the six individual County Defendants.

reasoning in *Dagdagan v. City of Vallejo*, 263 F.R.D. 632 (E.D. Cal. 2009) and *Silva v. San Pablo Police Dep't*, No. 16-CV-04360-VC (KAW), 2018 WL 358789 (N.D. Cal. Jan. 11, 2018) and reject the objected to categories of testimony in Plaintiffs' second amended notice. *Id.* Plaintiffs counter that the notice in this case is distinguishable from *Dagdagan* and *Silva* because Plaintiffs seek to examine the County regarding the facts known to it, not opinions or conclusions. Opp'n at 6.

In *Dagdagan*, the plaintiff noticed a Rule 30(b)(6) deposition of the defendant police department, and the court found that certain questions posed at the deposition improperly sought expert opinion from a lay witness. *Dagdagan*, 263 F.R.D. at 635. For example, the plaintiff's counsel asked, "An individual who clenches his fists near his waist but does not swing or strike at an officer, would that person qualify under the definition of passive resister?" *Id.* The *Dagdagan* court found that only individuals designated as experts could be "asked to opine on expert matters in an abstract or hypothetical sense." *Id.* at 636. In contrast to the objectionable questions in *Dagdagan*, the noticed areas of Rule 30(b)(6) testimony in this case are not abstract or hypothetical. The areas of testimony here concern the facts known to the County and are limited to the Plaintiffs and the allegations in this case. Whether the actions or inactions of County personnel were in violation of the County's customs, policies, practices, or training goes to Plaintiffs' *Monell* claim. This is a relevant area of inquiry for discovery that does not call for expert opinion.

In *Silva*, the court quashed a Rule 30(b)(6) deposition notice for, among other things, seeking an improper expert opinion. *Silva*, 2018 WL 358789, at *1. The *Silva* deposition noticed the following topic: "Whether or not the acts of the [the defendant's] employees, officers and their supervisors, pertaining to the matters giving rise to this lawsuit . . . were in accordance with the policies, customs and/or practices of the City of San Pablo and/or the San Pablo Police Department." *Id.* Compare the *Silva* notice with the notice here, which is limited to the facts known to the County and its contentions of how those facts apply to the County's own policies: "[T]he facts known or reasonably available to the County concerning whether the County employees who dealt with [Plaintiffs] acted consistently

with those customs, policies, practices, and training, including any respect in which the County contends a particular employee departed from them." Organizational knowledge of County employees' actions is directly relevant to Plaintiffs' *Monell* claim. *See Hernandez v. Gates*, 100 F. Supp. 2d 1209, 1220–21 (C.D. Cal. 2000) ("Since *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978), the Supreme Court has emphasized that Section 1983 liability of those other than the direct tortfeasor must be based on actions of the supervisory or municipal decision-maker defendant.").

The notice categories do not seek an expert opinion from a non-designated expert, but instead inquire into the County's customs, policies, practices, and training as they were applied to Plaintiffs. Therefore, the County has failed to establish good cause for a protective order.

**B. Undue Burden**

Next, the County argues that requiring it to prepare and produce witnesses to testify on the disputed categories would amount to an undue burden. The County provides declarations of April Griffiths, Marie Hommel, and Mitchell B. Malachowski, which estimate the amount of time it would take for the County to prepare a witness to testify as to these topics. Plaintiffs filed evidentiary objections to the declarations.[2] *See generally* Objs. Plaintiffs argue that the categories "do not require a review of every record the Department has," and that "each category asks for the County's knowledge of a few acts, by the named defendants." Opp'n at 8.

"Courts have repeatedly emphasized the practical constraints on the scope of a [Rule] 30(b)(6) deposition." *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO

---

[2] In general, Plaintiffs object to the various declaration statements on the grounds that they are speculative, state a legal conclusion, or are irrelevant. As the Court does not generally rely on the statements to which Plaintiffs object, the Court need not rule on each of the objections. To the extent that the Court considers any of the statements in the declarations herein, the Court considers Plaintiffs' objections in determining the weight to be given to various statements.

(SSX), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016). It is well accepted that Rule 30(b)(6) does not permit "burdening the responding party with production and preparation of a witness on every facet of the litigation." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012). The Court found Plaintiffs' prior Rule 30(b)(6) notice was overbroad, but through productive meet-and-confer efforts, the parties have narrowed the scope of the notice and utilized more efficient methods to obtain the discoverable information Plaintiffs seek. *See* ECF Nos. 409, 419, 421. This is undisputedly a complex case. But the remaining disputed categories have been sufficiently narrowed such that they are proportional to the claims in this case. The topics seek facts necessary for Plaintiffs to support their section 1983 claims and challenge the County's defenses. The County's estimation of time for preparation appears to take an unreasonably broad view of the scope of the Rule 30(b)(6) notice, particularly in view of the prior meet and confer efforts and the narrowing of the notice through that process. The County's time estimation, therefore, does not demonstrate sufficient harm to justify a finding of good cause to prevent the discovery.

**Conclusion**

Based on the foregoing, the Court **DENIES** County Defendants' motion. Plaintiffs are granted leave to conduct the deposition of County Defendants' Rule 30(b)(6) witness(es). Absent further leave of court, the remaining Rule 30(b)(6) deposition of the County is limited to 7 hours.

**IT IS SO ORDERED**.

Dated: October 16, 2026

Janet A. Cabral

Hon. Janet A. Cabral
United States Magistrate Judge